IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　vs.<br>THOMAS W. GREENBERG,<br>　　　　　Defendant. | Case No. 3:02-CR-00096-JKS<br><br>O R D E R |

　　　　Thomas W. Greenberg pleaded guilty to certain federal offenses and was sentenced to a term of imprisonment as an armed career criminal. He reserved the right to appeal inclusion of certain prior convictions in the determination that he was an armed career criminal. His conviction was affirmed on appeal. He now brings this petition pursuant to 28 U.S.C. § 2255 arguing: (1) that a second conviction, not mentioned in his appeal, was defective; and, (2) that *United States v. Booker*, 543 U.S. 220 (2005), should be applied to his case requiring resentencing. Docket Nos. 29 (petition); 40 (first amended petition); 56 (second amended petition). The Government has filed oppositions at Docket Nos. 46 and 59. Although originally assigned to United States Magistrate Judge John D. Roberts for review and the presentation of a report and recommendation, this matter has been pending for a long time without a decision. The Court will therefore withdraw the reference and proceed to a decision. The Court has reviewed the record de novo and exercised its independent judgment.

　　　　Greenberg received a mandatory minimum fifteen-year sentence as an armed career offender. *See* 18 U.S.C. § 924(e)(1). *Booker* does not apply to mandatory sentences. *United States v. Dare,* 425 F.3d 634 (9th Cir. 2005) (citing *Harris v. United States*, 536 U.S. 545 (2003)). Therefore, his claims based upon *Booker* must be rejected. Further, Greenberg has forfeited the right to question the prior convictions upon which his status as an armed career criminal were based. He has not shown the cause plus prejudice necessary to excuse his

forfeiture. *See, e.g., Johnson v. United States*, 520 U.S. 461, 466–67 (1997). Therefore, arguments related to the calculation of his status as an armed career criminal will not be addressed.

Finally, Greenberg expressly waived the right to bring a collateral attack on his sentence or conviction except on the grounds of ineffective assistance of counsel and the voluntariness of his plea. The Court questioned Greenberg specifically about both the effectiveness of his counsel and the voluntariness of his plea after Greenberg's sentence was imposed and Greenberg assured the Court that his plea was voluntary and his counsel competent. No facts cited in Greenberg's petition would establish a prima facie case of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The Court disregards mere conclusory statements, and finds no need for an evidentiary hearing.

**IT IS THEREFORE ORDERED**:

The petition and amended petitions for habeas corpus pursuant to 28 U.S.C. § 2255 (post conviction relief) are **DENIED**. The Court has considered whether to allow a certificate of appealability and concludes that such a certificate would be inappropriate in this case. The standard for granting a certificate of appealability has been stated as follows: "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Zuno-Arce*, 339 F.3d 886, 888–89 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Greenberg has made no such showing. He may seek a certificate of appealability directly from the Ninth Circuit Court of Appeals' motions panel. The clerk shall enter judgment dismissing this case with prejudice.

Dated at Anchorage, Alaska this 7th day of July 2006.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2002\A02-0096.001.wpd